1 BILL LOCKYER
Attorney General of the State of California
2 ROBERT R. ANDERSON
Chief Assistant Attorney General
3 GERALD A. ENGLER
Senior Assistant Attorney General
4 PEGGY S. RUFFRA
Supervising Deputy Attorney General
5 State Bar No. 117315
  455 Golden Gate Avenue, Suite 11000
6   San Francisco, CA 94102-7004
  Telephone: (415) 703-1362
7   Fax: (415) 703-1234
  Email: peggy.ruffra@doj.ca.gov
8 Attorneys for Respondent

9         IN THE UNITED STATES DISTRICT COURT

10         FOR THE NORTHERN DISTRICT OF CALIFORNIA

11         SAN FRANCISCO DIVISION

12

| | |
|---|---|
| **CARLOS CHICO,** | C 05-01282 MJJ |
| Petitioner, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| **ROSEANNE CAMPBELL, Warden,** | |
| Respondent. | |

18    On January 24, 2005, petitioner, through counsel Benjamin Ramos, filed in the United States District Court for the Eastern District of California a petition for writ of habeas corpus challenging his criminal conviction in San Mateo County Superior Court. On March 8, 2005, on respondent's motion, the Eastern District transferred the case to the Northern District. *See* Gen. L.R. 3-120(d).

23    On October 20, 2005, this Court scheduled a status conference. The parties submitted a joint case management statement indicating that the next action to occur should be this Court's review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and, if applicable, the issuance of an Order to Show Cause. The Court subsequently took that status conference off calender.

28    On June 13, 2006, the Court requested another joint case management statement on the

current status of the case. The parties agree that the next action to occur should be this Court's determination whether to issue an Order to Show Cause.[1] The parties further agree that no status hearing is necessary at this point.

Dated:  June 23, 2006

Respectfully submitted,

_____
PEGGY S. RUFFRA
Attorney for Respondent

_____
BENJAMIN RAMOS
Attorney for Petitioner

---

1. As respondent noted, the issue appears to involve the interpretation of a state sentencing statute, which is not cognizable on federal habeas corpus review. *See Lewis v. Jeffers*, 497 U.S. 764, 783-784 (1990); *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994).

Joint Case Management Statement - C 05-01282MJJ