1  BENJAMIN RAMOS, State Bar No.:156643
   LAW OFFICE OF BENJAMIN RAMOS
2  7405 Greenback Lane #287
   Citrus Heights, CA  95610
3  Telephone: (916) 967-2927

4

5  Attorney for Petitioner,
   Carlos Chico
6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                            SAN FRANCISCO DIVISION

10

11 | CARLOS CHICO,                        | Case No.: C 05-01282 MJJ
12 |         Petitioner,                  | OPPOSITION TO MOTION TO
                                          | DISMISS
13 | v.
                                          | December 4, 2007
14 | ROSEANNE CAMPBELL, Warden,           | Time: 9:30 a.m.
15 |         Respondent.

# I. ARGUMENT

## A. THE MOTION TO DISMISS SHOULD BE DENIED BECAUSE PETITIONER'S CLAIM IS EXHAUSTED.

Respondent asserts petitioner's claim is based *only* on a state statute (*Penal Code* § 12022.53) (Motion at 2:16-23). This is incorrect. Although petitioner claims that the trial court's imposition of enhancements was unauthorized under *Penal Code* § 12022.53, petitioner's analysis did not end with an examination of the state statue. In his petition for review to the California Supreme Court, petitioner twice cited *United States v. Bass*, 404 U.S. 336 347-350 (1971) (Motion to Dismiss, Exhibit B at 27 and 36). Petitioner argued, "Under the ' "rule of lenity" ' appellant/petitioner is entitled to the most favorable construction, which would be that ' "each crime" ' means ' "each crime arising from the same set of operative facts" '-- i.e., the ' "same criminal transaction." ' (*Id*. at 36) Petitioner also cited *Ratzlaff v. United States*, 510 U.S. 132, 148 (1994) (*Id.*) Thus, contrary to respondent's argument that petitioner has not referred to a "specific federal constitutional right,... constitutional provision,...[or] federal constitutional case.." (Motion at 3), petitioner has cited two U.S. Supreme Court cases to support his due process argument that the state courts should have applied the rule of lenity. Thus, petitioner's present claim has been "fairly presented" to the California Supreme Court and is therefore properly exhausted.

## B. THE MOTION TO DISMISS SHOULD BE DENIED, BECAUSE PETITIONER HAS STATED A FEDERAL CLAIM.

As established above, petitioner's argument that the sentence enhancements were unauthorized was premised upon <u>federal case law</u>, i.e., the "rule of lenity" recognized in *Bass* and *Ratzlaff, supra*. Petitioner expressly challenged the Court of Appeal's holding that "[I]t is

irrelevant how laymen understand ' "each crime" ' to refer to the entire criminal transaction -- e.g., a bank robbery, not multiple robberies of several employees or customers of a bank." ' (Motion, Exhibit B at 27, n. 1) Relying on *United States v. Bass*, petitioner argued, "As shown below, the rule of lenity is premised on the concept that ' []fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed.[] ' (*Id.*)  By relying on the principles expressed in two U.S. Supreme Court cases, petitioner has presented a federal claim. Accordingly, the motion to dismiss should be denied.

## II. CONCLUSION

Petitioner's claim that the state courts should have applied the "rule of lenity" has been fairly presented to the California Supreme Court. Petitioner's present claim is premised upon two U.S. Supreme Court cases: *United States v. Bass*, 404 U.S. 336 347-350 and *Ratzlaff v. United States*, 510 U.S. 132, 148 (1994). Accordingly, petitioner's present claim has been exhausted and presents a federal claim. Therefore, respondent's motion to dismiss should be denied.

Dated: October 17, 2007            /S/ Benjamin Ramos
                                   Benjamin Ramos, Attorney for
                                   Petitioner, Carlos Chico