IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARLOS CHICO,

    Petitioner,

  v.

ROSEANNE CAMPBELL, Warden

    Respondent.
                                          /

No. C05-1282 CW

ORDER GRANTING
MOTION TO DISMISS

    Petitioner, a state prisoner represented by counsel, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the ground that the imposition of three sentence enhancements pursuant to California Penal Code section 12022.53 was unauthorized. Respondent moves to dismiss the petition for failure to exhaust state remedies and/or failure to state a federal claim. Having considered the papers filed by the parties, the Court grants the motion.

BACKGROUND

    The following summary of the factual background of this case is based primarily on the petition and the opinion of the California Court of Appeal disposing of Petitioner's direct appeal,

People v. Chico, formerly reported at 94 Cal. App. 4th 867, 114 Cal. Rptr. 2d 588 (2001), review granted, 118 Cal. Rptr. 2d 546 (2002), review dismissed, 6 Cal. Rptr. 3d 103 (2003).

Petitioner and a companion robbed a drug store in San Carlos on January 16, 1998. In the course of the robbery, Petitioner's companion held a store employee at gunpoint. A week later, Petitioner and the same companion robbed a market in Woodside. On this occasion Petitioner pointed a handgun at three clerks and the store's owner, whom he ordered to remove and deliver cash from an open safe. Petitioner was charged with five counts of second degree robbery in violation of California Penal Code section 212.5, subdivision (c). Counts One through Four stemmed from the Woodside incident, one count for each victim. As to each of these, it was alleged that he used a firearm so as to be subject to an enhancement under section 12022.53. As to Count Five, which arose from the San Carlos robbery, Petitioner was charged with an enhancement under section 12022, subdivision (a)(1), based on being armed with a firearm.

Petitioner plead guilty to all counts. The trial court sentenced him to twenty-one and two-thirds years, consisting of a three-year base term plus a ten-year firearms enhancement on Count One, two consecutive one-year terms plus two consecutive enhancements of three and one-third years on Counts Two and Three, and concurrent terms and enhancements on Counts Four and Five.

Petitioner filed a petition for a writ of habeas corpus in the Court of Appeal, which issued an order to show cause why the sentence should not be vacated for exceeding an indicated sentence of twenty and two-thirds years. While that matter was pending in

2

the Court of Appeal, the trial court modified the sentence by reducing the base term on Count One from three years to two years, thereby reducing the total sentence to twenty and two-thirds years. Petitioner appealed the conviction.

On December 21, 2001, the Court of Appeal affirmed the conviction in a published opinion and denied the habeas petition by separate order. On March 27, 2002, the California Supreme Court granted the petition for review on direct appeal and deferred further action "pending consideration and disposition of a related issue in People v. Buttram, S103761." On March 28, 2002, the California Supreme Court denied the petition for review of Petitioner's collateral habeas challenge. On October 29, 2003, the California Supreme Court dismissed the petition for review of Petitioner's direct appeal.

On January 24, 2005, Petitioner timely filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of California. The petition was transferred to this Court on March 29, 2005.

DISCUSSION

Respondent moves to dismiss the petition on the grounds that it is unexhausted and that it fails to state a claim cognizable on federal habeas review. Petitioner maintains that his challenge to the imposition of three sentencing enhancements stated a due process claim: that the state courts should have construed the applicable Penal Code provision more favorably by applying the rule of lenity stated in United States v. Bass, 404 U.S. 336, 347-50 (1971) ("'ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity'").

I.  STANDARD OF REVIEW

A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  In other words, a writ of habeas corpus is available under § 2254(a) "only on the basis of some transgression of federal law binding on the state courts."  Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985)(citing Engle v. Isaac, 456 U.S. 107, 119 (1982)), cert. denied, 478 U.S. 1021 (1986).  It is unavailable for violations of state law or for alleged error in the interpretation or application of state law.  Id.  See also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Engle, 456 U.S. at 119.  Furthermore, "state courts are the ultimate expositors of state law," and the district court is bound by the state's construction except when it appears that its interpretation is an obvious subterfuge to evade the consideration of a federal issue.  Peltier v. Wright, 15 F.3d 860, 862 (9th Cir. 1994) (affirming dismissal of habeas petition) (quoting Mullaney v. Wilbur, 421 U.S. 684, 691 (1975)).

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981); McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir. 1988).

4

1 The State's highest court must be given an opportunity to rule on
2 the claims even if review is discretionary. See O'Sullivan v.
3 Boerckel, 526 U.S. 838, 845 (1999) (petitioner must invoke "one
4 complete round of the State's established appellate review
5 process").  If a petitioner's available state remedies have not
6 been exhausted, the district court must dismiss the petition. See
7 Rose, 455 U.S. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th
8 Cir. 1988).

9 II.  ANALYSIS

10   Petitioner contends that the state court erred by imposing
11 three gun-use enhancements for the Woodside robbery under section
12 12022.53 which provides, "Only one additional term of imprisonment
13 under this section shall be imposed per person for each crime."
14 Cal. Penal Code § 12022.53(f).  Petitioner contends that the
15 Woodside robbery was a single crime with four victims, and that the
16 statutory reference to "each crime" did not give fair warning that
17 the state court would apply as many enhancements as there were
18 victims.  Petitioner relies on the rule of lenity articulated in
19 Bass, 404 U.S. at 347-50, and Ratzlaf v. United States, 510 U.S.
20 135, 148 (1994), to support his claim that the state court should
21 have resolved ambiguity in the enhancement provision in his favor
22 to construe "each crime" as one crime arising from the same
23 criminal transaction regardless of the number of victims.

24   The Court of Appeal rejected Petitioner's argument that "in
25 accordance with the rule of lenity, which resolves ambiguities in
26 favor of the accused, section 12022.53 must be construed to permit
27 only one enhancement for each instance of conduct for which the
28 defendant is being punished." Chico, 114 Cal. Rptr. 2d at 591

5

(emphasis in original).  Applying the rules of statutory construction under California law, the Court of Appeal held as follows:

> We reject the premise that the term "crime" is rendered ambiguous by the lay meaning that defendant attributes to it.  "It is true that courts ordinarily give the words of a statute the usual, everyday meaning they have in lay speech.  But that rule has an important exception ... : when a word used in a statute has a well-established legal meaning, it will be given that meaning in construing the statute.  This has long been the law of California.  The rule applies most obviously when the meaning of the word in question is wholly or primarily legal.  But the rule is also applicable when the word has both a specific legal meaning and a more general sense in informal legal usage or in lay speech.  In that event the lawmakers are presumed to have used the word in its specifically legal sense." (Arnett v. Dal Cielo (1996) 14 Cal.4th 4, 19-20; see [Cal. Penal Code] § 7, subd. (16) ("Words and phrases must be construed according to the context and the approved usage of the language; but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in law, must be construed according to such peculiar and appropriate meaning.").)
>
> The term "crime" has a "well-established legal meaning": a breach of duty punishable by the criminal law. (See Black's Law Dict. (7th ed. 1999) p. 377 (defining "crime" as "[a] social harm that the law makes punishable; the breach of a legal duty treated as the subject-matter of a criminal proceeding.").)  Where a single act breaches more than one duty and each such breach is separately and additionally punishable - as where a single act of violence is directed against multiple victims - multiple crimes have been committed.

Id. at 591-92 (citations and emphasis omitted in original).

As noted above, federal courts generally are bound by a state court's construction of state laws.  See Meluqin v. Hames, 38 F.3d 1478, 1487 (9th Cir. 1994).  Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.  Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994).  Citing Bass, Petitioner relies on a rule of statutory construction governing federal statutes.

6

See Bass, 404 U.S. at 347-48 ("'when choice has to be made between two readings of what conduct Congress has made a crime, it is appropriate, before we choose the harsher alternative, to require that Congress should have spoken in language that is clear and definite'") (citation omitted); Ladner v. United States, 358 U.S. 169, 178 (1958) ("This policy of lenity means that the Court will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended."). It is not, however, "the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle, 502 U.S. at 67-68.

Furthermore, the Court of Appeal considered Petitioner's argument that the rule of lenity resolves ambiguities in favor of the accused, and held that section 12022.53 was not rendered ambiguous by his proposed construction that "each crime" comprises the single instance of criminal conduct against multiple victims. "'Under defendant's proposed construction, a criminal using a firearm could go on a shooting spree, injure or kill numerous victims, and receive only one enhancement for gun use, as though he had injured just one victim. In light of the legislative intent to promote public safety and discourage the use of guns, such a construction would frustrate rather than promote the Legislature's declared intent in enacting and amending the statute. Therefore, it is rejected.'" Chico, 114 Cal. Rptr. 2d at 595 (quoting People v. Perez, 86 Cal. App. 4th 675, 682 (2001)).

Petitioner's challenge to the state court's construction of state laws does not present an "obvious subterfuge" by the state

7

court to evade the consideration of a federal issue. <u>Peltier</u>, 15 F.3d at 862. The Court therefore grants Respondent's motion to dismiss the petition for failure to state a cognizable claim for federal habeas relief.

A petition can be denied on the merits even though it has not been exhausted. Because the Court grants Respondent's motion to dismiss on other grounds, it need not decide whether the petition is exhausted.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss is GRANTED and the petition is dismissed with prejudice. Each party shall bear its own costs of action.

The Clerk of the Court shall enter judgment in accordance with this Order, terminate all pending motions, and close the file.

This Order terminates Docket Number 19.

IT IS SO ORDERED.

Dated 4/28/08

CLAUDIA WILKEN
United States District Judge